IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC ALONZO ROBERTS, ) <br> #139 977, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARDEN KARLA JONES, ) <br> ) <br>     Defendant. ) | CIVIL ACTION NO. 2:14-cv-160-MEF <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on March 10, 2014. On April 4, 2014, the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer and written report on May 16, 2014, which contained relevant evidentiary materials refuting the allegations presented in the complaint. The court then issued an order directing Plaintiff to file a response to Defendant's answer and written report. *Doc. No. 9.* Plaintiff was advised that his failure to respond to Defendant's written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. (emphasis in original). Plaintiff was "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case. *Id*.

The time allotted Plaintiff for the filing of a response expired on June 10, 2014. As of the present date, Plaintiff has filed nothing in opposition to Defendant's answer and

written report as required by order filed May 20, 2014. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file to determine whether a sanction less drastic than dismissal is appropriate. After such review, the undersigned concludes dismissal of this case is the proper sanction. Plaintiff is an indigent state inmate. The imposition of monetary or other punitive sanctions against him would, therefore, be ineffectual. Further, Plaintiff has failed to comply with the directives of the orders entered. It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *also Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 28, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE